UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUAN ACOSTA,<br><br>    Plaintiff,<br><br> v.<br><br>STATE OF NEVADA et al.,<br><br>    Defendants. | Case No. 2:14-cv-1507-RFB-CWH<br><br>ORDER |

**I. DISCUSSION**

On September 18, 2014, Plaintiff, a prisoner in the custody of the Clark County Detention Center, filed an application to proceed *in forma pauperis* and submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1, 1-1. On September 24, 2014, this Court denied the application to proceed *in forma pauperis* with leave to file a new application because the original application was incomplete. ECF No. 2 at 1. This Court granted Plaintiff until October 24, 2014 to either file a fully complete application to proceed *in forma pauperis* or pay the full $400 fee for filing a civil action. Id. at 2. The Court stated that the Clerk of Court would retain the civil rights complaint but would not file it until the matter of the payment of the filing fee was resolved. Id. at 1. Plaintiff has not yet resolved the matter of the payment of the filing fee.

On September 29, 2014, Plaintiff filed both a motion for appointment of counsel and a motion for writ of prohibition or mandamus. ECF Nos. 3, 4. In the writ, Plaintiff argues that Defendants have illegally detained, isolated, and punished Plaintiff in

retaliation for filing a lawsuit against them. ECF No. 4 at 1. On September 19, 2014, Plaintiff stated that he had been in punitive segregation for over 72 hours and had not been informed of any of his rights, the charges against him, or the rules that he had allegedly violated. Id. at 2. Plaintiff alleges that he was "simply arbitrarily found guilty of a random offense and sanctioned." Id. Plaintiff says that he could not submit his grievances to the housing unit officers. Id. at 3. Plaintiff seeks to have this Court enjoin the events described and to permit Plaintiff to amend his complaint. Id. Plaintiff also asks this Court to direct Defendants to stop tampering with his legal correspondence and to immediately release him from "illegal detention." Id. at 4.

The Court denies Plaintiff's emergency motion for writ of mandamus. A writ of mandamus is used "in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Bauman v. U.S. Dist. Court, 557 F.2d 650, 654 (9th Cir. 1977) (quoting Will v. United States, 389 U.S. 90, 95 (1967) (citation omitted)). In this case, there is no lower court to compel.

To the extent that Plaintiff is attempting to file a motion for preliminary injunction, the Court also denies the motion. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief in an action with respect to prison conditions must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

/ / /

1    Based on the allegations in the motion for writ of mandamus, Plaintiff fails to
2  establish that he is likely to succeed on the merits at this time because Plaintiff seeks to
3  have this Court reverse his confinement in punitive segregation and release him. The
4  Supreme Court has held that a prisoner cannot use a § 1983 action to challenge "the
5  fact or duration of his confinement," but instead must seek federal habeas corpus relief
6  or the appropriate state relief. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78-81 (2005). In
7  <u>Wilkinson</u>, the Supreme Court held that a "state prisoner's § 1983 action is barred
8  (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no
9  matter the target of the prisoner's suit (state conduct leading to conviction or internal
10 prison proceedings)—*if* success in that action would necessarily demonstrate the
11 invalidity of confinement or its duration." <u>Id.</u> at 81-82 (emphasis in original). As such,
12 Plaintiff cannot use his current § 1983 proceeding as a way to invalidate his punitive
13 segregation. Plaintiff must file the appropriate request for habeas corpus relief.

14   Furthermore, Plaintiff must resolve the matter of the payment of the filing fee.
15 Pursuant to this Court's September 24, 2014 Order, Plaintiff shall either: (1) file a fully
16 complete application to proceed *in forma pauperis*, on the correct form with complete
17 financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400
18 fee for filing a civil action (which includes the $350 filing fee and the $50 administrative
19 fee). The Court will retain the complaint and the motion for appointment of counsel, but
20 will not screen or address the motion until the matter of the payment of the filing fee is
21 resolved. The Court will not entertain any more filings from Plaintiff until the matter of
22 payment of the filing fee is resolved. Plaintiff is granted leave to file an amended
23 complaint.

24 **II.    CONCLUSION**

25   For the foregoing reasons, IT IS HEREBY ORDERED that the motion for writ of
26 prohibition or mandamus (ECF No. 4) is DENIED.

27   IT IS FURTHER ORDERED that the Clerk of Court shall send Plaintiff two copies
28 of an *in forma pauperis* application form for a prisoner, one copy of the instructions for

same, two copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one copy of instructions for the same.

IT IS FURTHER ORDERED that within **sixty (60) days** from the date of this Order, Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400 fee for filing a civil action (which includes the $350 filing fee and the $50 administrative fee). If Plaintiff does not do so, his complaint shall be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court shall send Plaintiff a copy of this Court's September 24, 2014 Order (ECF No. 2) in addition to this Order.

IT IS FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint.

IT IS FURTHER ORDERED that this Court shall not entertain any more filings from Plaintiff until the matter of the payment of the filing fee is resolved.

IT IS FURTHER ORDERED that the Clerk of Court shall retain the complaint (ECF No. 1-1) but shall not file it.

IT IS FURTHER ORDERED that a decision on the motion for appointment of counsel (ECF No. 3) is DEFERRED until the matter of the payment of the filing fee is resolved.

DATED this 23rd day of December, 2014.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE